UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HYBRID INTERNATIONAL, LLC,<br><br>         Plaintiff(s),<br><br>  v.<br><br>SCOTIA INTERNATIONAL OF NEVADA, INC.,<br><br>         Defendant(s). | Case No. 2:19-CV-2077 JCM (EJY)<br><br>ORDER |

Presently before the court is plaintiff/counterdefendant Hybrid International, LLC ("Hybrid") and third-party defendant Johnathan Schultz's ("Schultz") (collectively "the Hybrid defendants") motion to dismiss. (ECF No. 14). Defendant/counterclaimant/third-party plaintiff Scotia International of Nevada, Inc. ("Scotia") filed a response (ECF No. 28), to which the Hybrid defendants replied (ECF No. 33).

Also before the court is the Hybrid defendants' motion to strike. (ECF No. 13). Scotia filed a response (ECF No. 27), to which the Hybrid defendants replied (ECF No. 37).

Also before the court is the Hybrid defendants' motion for more definite statement. (ECF No. 12). Scotia filed a response (ECF No. 26), to which the Hybrid defendants replied (ECF No. 32).

**I. Background**

The instant action arises from the parties' failed business relationship. The Hybrid defendants extract leftover gold from carbon fines generated as a byproduct of gold mining and refining. (ECF No. 14 at 3). Scotia "has developed proprietary methods and other technology

**James C. Mahan**
**U.S. District Judge**

that makes carbon fines processing more productive" and "has numerous clients and contacts in the mining industry that had need of carbon fines processing services." (ECF No. 28 at 3).

The parties agreed to partner together in the carbon fines processing business. (ECF Nos. 14 at 4; 28 at 3–4). Scotia helped the Hybrid defendants find and negotiated a price for property in the Amargosa Valley in Nevada. (ECF Nos. 14 at 3–4; 28 at 3, 5). Scotia claims the Hybrid defendants "queered the Amargosa Valley deal" (ECF No. 28 at 5), whereas the Hybrid defendants allege that Scotia grossly underrepresented the purchase price for the property (ECF No. 14 at 3–4). In any event, the Hybrid defendants found and leased a different building in Las Vegas. (ECF Nos. 14 at 4–5; 28 at 5).

Additionally, the parties agreed that Scotia would engineer and fabricate equipment for construction and development of a carbon fines processing plant. (ECF Nos. 14 at 3; 28 at 3). Scotia estimated the cost of doing so would be $1,000,000, of which Hybrid paid half. (ECF Nos. 14 at 3–4; 28 at 3–4). The Hybrid defendants allege that Scotia delayed manufacturing and made several misrepresentations regarding the project, causing them to "sen[d] a letter to Scotia on September 16, 2019, demanding the return of the $500,000." (ECF No. 14 at 5). Thereafter, "Hybrid, by way of its counsel, sent a letter to Scotia demanding that it immediately cease work on any equipment" and to return its payment. *Id.*

Scotia, on the other hand, avers that the Hybrid defendants insisted that Scotia share its proprietary technology, including plans and engineering specifications, with them. (ECF No. 28 at 3). Scotia alleges that the Hybrid defendants also wanted Scotia to introduce Schultz to its clients and customers. *Id.* at 4. Schultz intended to be "the face of the project" while "Scotia would be a passive partner, to which a royalty would be paid." *Id.* Only after Scotia gave the Hybrid defendants its proprietary technology and introduced them to its clients did the Hybrid defendants supposedly demand return of their $500,000 payment. *Id.* at 5.

Scotia refused to return the money. (ECF Nos. 14 at 5; 28 at 5). Thereafter, the Hybrid defendants supposedly "interjected themselves into a deal that Scotia's VP, Max Barber, was involved in having to do with the sale of gold castings of Nelson Mandela's hands." (ECF No.

**James C. Mahan**
**U.S. District Judge**

- 2 -

28 at 5). Schultz allegedly demanded a commission and fabricated correspondence with the Mandela Foundation regarding a certificate of authenticity for the gold castings. *Id.*

## II. Legal Standard

### A. Motion to dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

James C. Mahan
U.S. District Judge

- 3 -

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### B. Motion to strike

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts strike such material under Rule 12(f) "to avoid the expenditure of time and money that must arise from litigating spurious issues . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

> Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. Superfluous historical allegations are a proper subject of a motion to strike.

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S. 517 (1994) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706–07, 711 (1990), and citing *Healing v. Jones,* 174 F. Supp. 211, 220 (D. Ariz. 1959)) (internal quotation marks omitted).

### III. Discussion

#### A. Motion to dismiss

The Hybrid defendants move to dismiss four of Scotia's counterclaims: (1) misappropriation of trade secrets, (2) misappropriation of property, (3) fraud/intentional misrepresentation, and (4) extortion. (*See generally* ECF No. 14). The court declines the Hybrid defendants' invitation to summarily dismiss all four claims as "shotgun pleadings" and will, instead, address claim individually.

James C. Mahan
U.S. District Judge

- 4 -

**1. Misappropriation claims**

The court first considers Scotia's misappropriation-of-trade-secrets and misappropriation-of-property claims. The Hybrid defendants argue that the former fails because it is not sufficiently pleaded. (ECF No. 14 at 10–11). They argue that the latter fails because it is preempted by the Nevada Uniform Trade Secrets Act ("NUTSA"), NRS 600A.090(1).

The Nevada Supreme Court has explained that a plaintiff must prove three elements to prevail on a UTSA misappropriation of trade secrets claim:

> (1) a valuable trade secret; (2) misappropriation of the trade secret through use, disclosure, or nondisclosure of use of the trade secret; and (3) the requirement that the misappropriation be wrongful because it was made in breach of an express or implied contract or by a party with a duty not to disclose.

*Frantz v. Johnson*, 999 P.2d 351, 358 (Nev. 2000) (footnote citations omitted). NUTSA defines a "trade secret" as follows:

> [I]nformation, including, without limitation, a formula, pattern, compilation, program, device, method, technique, product, system, process, design, prototype, procedure, computer programming instruction or code that:
>
> (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by the public or any other persons who can obtain commercial or economic value from its disclosure or use; and
>
> (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Nev. Rev. Stat. § 611A.030. Further, NUTSA "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." Nev. Rev. Stat. § 600A.090(1).

As an initial matter, the court notes that Scotia's misappropriation-of-property claim is expressly predicated on the Hybrid defendants' alleged "misappropriate[ion] and conver[sion] [of] Scotia's intellectual property, proprietary [t]echnology and trade secrets . . . ." (ECF No. 7 at 20). Thus, the claim stems from misappropriation of trade secrets. As a result, this claim is preempted by NRS 600A.090(1). The court grants the Hybrid defendants' motion and dismisses this claim with prejudice.

James C. Mahan
U.S. District Judge

1  The court now considers the sufficiency of Scotia's misappropriation-of-trade-secrets claim. The factual allegations in the counterclaim are sufficient to state this claim, although such allegations are scattered throughout the counterclaim. Scotia alleges that it has proprietary technology, knowledge, intellectual property, and methods that "can, and do, make the processing of carbon fines for gold recovery much more efficient and productive than other methods." (ECF No. 7 at 8). It also alleges that it had a list of clients and customers that was unknown to the Hybrid defendants. *Id.* at 11–12.

Scotia further alleges that it provided the Hybrid defendants access to its proprietary technology with the understanding that it "was to be used solely for any joint venture or partnership project" between the parties. *Id.* at 10. The Hybrid defendants were specifically precluded from "us[ing] the information for any other purpose, including the initiation or carrying out of any enterprise that would be in competition with Scotia." *Id.* Similarly, the Hybrid defendants were supposed to use the client and customer list only for partnership purposes. *Id.*

Finally, Scotia alleges that the Hybrid defendants misappropriated both the proprietary technology and impermissibly contacted Scotia's clients and customers to "bypass Scotia" altogether. *Id.* at 17.

These allegations sufficiently describe the trade secrets at issue without disclosing their precise nature in a public filing and satisfy all three elements of a NUTSA claim. Accordingly, the court denies the Hybrid defendants' motion to dismiss as to this claim.

**2. Extortion**

Extortion is illegal under Nevada law. Nev. Rev. Stat. § 205.320. However, the Hybrid defendants argue that extortion is not a private cause of action because it is found in title 15 of the NRS, which pertains to crimes. (ECF No. 14 at 9–10). "[W]hen a statute does not expressly provide for a private cause of action, the absence of such a provision suggests that the Legislature did not intend for the statute to be enforced through a private cause of action." *Richardson Constr., Inc. v. Clark Cnty. Sch. District*, 156 P.3d 21, 23 (Nev. 2007).

. . .

**James C. Mahan
U.S. District Judge**

- 6 -

Scotia's only argument in response is as follows:

> Whether cast as "extortion" or interference with contractual and/or business relations, the fact of the matter is that what Hybrid and Scotia did was wrongful conduct that caused damage to Scotia. Scotia's claim for damages arising from this wrongdoing should not be dismissed on the basis that the wrong label was placed upon it. Just as "a rose by any other name would smell as sweet," Wm. Shakespeare, Romeo and Juliet, Act II, Scene II, extortionate conduct by any name stinks as badly. No matter how titled, the actions of Hybrid and Schultz were wrong.

(ECF No. 28 at 8).

Thus, Scotia tacitly concedes that extortion is not a private cause of action. Accordingly, dismissal is appropriate, and the court grants the Hybrid defendants' motion as to this claim. The court dismisses Scotia's extortion claim with prejudice. This dismissal does not preclude Scotia from bringing a claim for interference with contractual and/or business relations based on the facts underlying the extortion claim, however.

### 3. Fraud/intentional misrepresentation

Finally, the court must determine whether Scotia's fraud/intentional misrepresentation claim is sufficiently pleaded under the heightened Rule 9(b) standard. Rule 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Under Rule 9(b), a plaintiff must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id*. A "plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id*.

The Hybrid defendants take umbrage with the manner in which Scotia pleaded this claim because it incorporates every preceding paragraph by reference. (ECF No. 17 at 8–9). But the Hybrid defendants ignore the 10 specific allegations that outline the representations "Schultz, individually and on behalf of Hybrid" made to Scotia. (ECF No. 7 at 18–19). Scotia further

alleges that each and every one of those representations were false and that the Hybrid defendants knew they were false. *Id.* at 19. These allegations are specific enough to give the Hybrid defendants notice of their particular misconduct. Thus, the court finds that Scotia met the heightened Rule 9(b) pleading standard.

Accordingly, the court denies the Hybrid defendants' motion as to Scotia's fraud claim. Because the court grants the Hybrid defendants' motion to dismiss as to these claims and finds the others are sufficiently pleaded, it denies the motion for more definite statement as moot.

### B. Motion to strike

The Hybrid defendants ask the court to strike four sets of allegations from Scotia's counterclaim: (1) allegations pertaining to purported money laundering, (2) factual claims about alleged immigration matters, (3) averments regarding the Nelson Mandela hand-castings, and (4) all of Scotia's affirmative defenses. (ECF No. 13 at 15–19). The court will address each in turn.

As to the money laundering allegations, Scotia contends that "[t]hese facts . . . are entirely relevant to the fact that not only did Schultz act dishonestly throughout his dealings with Scotia . . . but they also evidence Schultz's state of mind in his dealings with Scotia." (ECF No. 27 at 11). Thus, by Scotia's estimation the facts are necessary to "defin[e] his [Schultz's] overall course of conduct with regard to the other claims for relief propounded by Scotia." *Id.* Similarly, Scotia argues that Schultz's purported immigration scheme is generally relevant to all of its claims because it shows "Schultz's state of mind in his dealings with Scotia . . . ." *Id.*

The court disagrees. The facts at issue pertain to an alleged system of fraudulent billing to Schultz's South African company in order to quickly move money into the United States and fraudulently "employing" Schultz as a "specialty employee" in order to get legal immigration status. (ECF No. 7 at 10–11). But these facts are immaterial because they are neither essential nor important to the Hybrid defendants' other claims. Any such connection is, at best, a propensity argument such that Scotia seeks to establish that the Hybrid defendants must be liable because Schultz may have engaged in some wholly separate illegal or otherwise unscrupulous conduct. The court grants the Hybrid defendants' motion on this point and strikes all allegations regarding purported money laundering and immigration offenses.

James C. Mahan
U.S. District Judge

- 8 -

Turning to the facts underlying the Nelson Mandela hand-castings, Scotia summarily claims that these facts are also relevant to the Hybrid defendants' "state of mind in [their] dealings with Scotia" and to its "claim for relief for fraud . . . breach of contract, breach of the duty of good faith and fair dealing, and in defining his overall course of conduct with regard to the other claims for relief propounded by Scotia." (ECF No. 27 at 12).

Once again, the court finds that these allegations are immaterial to the fraud, breach of contract, and other claims because they are related to the underlying transaction only tangentially. To the extent Scotia tries to contend otherwise, it makes an impermissible propensity argument.

However, unlike the money-laundering- and immigration-related claims, the facts pertaining to the Nelson Mandela hand-castings are pertinent to the now-dismissed extortion claim. As discussed above, the extortion claim is dismissed because it is not a private cause of action. The court grants the Hybrid defendants' motion on this point and strikes the hand-casting allegations without prejudice.[1]

Finally, the court considers whether to strike all of Scotia's affirmative defenses. The Hybrid defendants argue that Scotia's affirmative defenses are so conclusory that they fail to give fair notice of the defense. (ECF No. 13 at 16–19). In support of this argument, the Hybrid defendants rely exclusively on nonbinding authority, with the exception of a single citation to *Kohler v. Flava Enterprises, Inc.*, 779 F.3d at 1016, 1019 (9th Cir. 2015). *Id.*

Affirmative defenses are governed by Rule 8. Fed. R. Civ. P. 8. While Rule 8(c) lists available affirmative defenses, Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." *Id.* In *Kohler*, the Ninth Circuit explained that "the 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" *Kohler*, 779 F.3d at 1019 (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed. 1998)).

---

[1] The hand-castings allegations may be pleaded in connection with a private cause of action, if appropriate, consistent with this order.

James C. Mahan
U.S. District Judge

- 9 -

Under this standard, courts strike purported affirmative defenses which are, in fact, attacks on the plaintiff's prima facie case. *See, e.g.*, *Chowning v. Kohl's Dep't Stores, Inc.*, No. CV1508673RGKSPX, 2016 WL 7655753, at *3 (C.D. Cal. Apr. 1, 2016); *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, EDCV 11-197 RSWL, 2011 WL 3809933, at *1 (C.D. Cal., Aug. 25, 2011) ("[F]ailure to state a claim is an assertion of a defect in [p]laintiff's prima facie case, and not an affirmative defense."). Further, courts have found that "[t]he mere reservation of affirmative defenses is not an affirmative defense," and struck such "reservations" accordingly. *See, e.g., Weintraub v. Law Office of Patenaude & Felix, A.P.C.*, 299 F.R.D. 661, 668–69 (S.D. Cal. 2014) (quoting *E.E.O.C. v. Timeless Invs., Inc.,* 734 F.Supp.2d 1035, 1055 (E.D. Cal. 2010)) (quotation marks omitted).

The court grants the Hybrid defendants' motion and strikes the defenses which are not, in fact, affirmative defenses. Accordingly, the court strikes Scotia's first, ninth, and seventeenth defenses with prejudice because they are attacks on the Hybrid defendants' prima facie case. Similarly, the court strikes Scotia's eighth and eighteenth defenses with prejudice, which simply dispute the amount of damages. Scotia may raise these arguments in an appropriate motion at a later date, but they need not—and should not—be pleaded as affirmative defenses.

The court also strikes the defenses which are properly brought as counterclaims, rather than affirmative defenses. Thus, the court strikes Scotia's eleventh, twenty-first, twenty-second, and twenty-third defenses with prejudice. The court strikes these with prejudice applies only insofar as these claims are brought as defenses; Scotia may bring these "defenses" as counterclaims if appropriate.

The court further strikes Scotia's twenty-fourth defense with prejudice because it simply reserves the right to supplement and amend the answer, which is governed by Rule 15. *See* Fed. R. Civ. P. 15.

Finally, the court strikes Scotia's third, fourth, fifth, sixth, seventh, tenth, twelfth, thirteenth, nineteenth, and twentieth defenses. These defenses are devoid of any factual support in the defenses themselves. (*See* ECF No. 7 at 2–7). Further, it is unclear if these affirmative defenses rely on allegations in the counterclaim and, if they do, which allegations support which

James C. Mahan
U.S. District Judge

defenses. However, the court strikes these defenses with leave to amend because this deficiency can be cured.

The court denies the Hybrid defendants' motion in part. The court will not strike Scotia's "second defense," which is in fact its answer. The court will not strike the fourth, fourteenth, fifteenth, and sixteenth defenses because they are readily supported by the factual allegations in the counterclaim.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Hybrid defendants' motion to dismiss (ECF No. 14) be, and the same hereby is, GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Scotia's fourth claim for relief (misappropriation of property) be, and the same hereby is, DISMISSED with prejudice.

IT IS FURTHER ORDERED that Scotia's eighth claim for relief (extortion) be, and the same hereby is, DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Hybrid defendants' motion to strike (ECF No. 13) be, and the same hereby is, GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that references to purported money laundering offenses—specifically on page 10, lines 14 through 25 of the counterclaim and third-party complaint—be, and the same hereby are, STRICKEN.

IT IS FURTHER ORDERED that references to purported immigration offenses—specifically on page 11, lines 8 through 24 of the counterclaim and third-party complaint—be, and the same hereby are, STRICKEN.

IT IS FURTHER ORDERED that allegations pertaining to the Nelson Mandela hand-castings in the counterclaim and third-party complaint be, and the same hereby are, STRICKEN without prejudice.

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that Scotia's first, eighth, ninth, eleventh, seventeenth, eighteenth, twenty-first, twenty-second, twenty-third, and twenty-fourth defenses be, and the same hereby are, STRICKEN with prejudice.

IT IS FURTHER ORDERED that Scotia's third, fourth, fifth, sixth, seventh, tenth, twelfth, thirteenth, nineteenth, and twentieth defenses be, and the same hereby are, STRICKEN with leave to amend.

IT IS FURTHER ORDERED that the Hybrid defendants' motion for more definite statement (ECF No. 12) be, and the same hereby is, DENIED as moot.

DATED July 27, 2020.

                                                    UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 12 -