UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HYBRID INTERNATIONAL, LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SCOTIA INTERNATIONAL OF NEVADA, INC., a Utah corporation; DOES I through X; and ROE business entities I through X, inclusive,<br><br>Defendants. | Case No. 2:19-cv-02077-JCM-EJY<br><br>**ORDER** |
| SCOTIA INTERNATIONAL OF NEVADA, INC., a Utah corporation,<br><br>Counterclaimant,<br><br>v.<br><br>HYBRID INTERNATIONAL, LLC, a Texas limited liability company,<br><br>Counterdefendant. | |

Before the Court is Scotia International of Nevada, Inc.'s ("Scotia") Motion to Quash Subpoena, Objection to Issuance of Subpoena for Documents, and Motion for Sanctions (ECF Nos. 35 and 37). The Court has considered Scotia's Motions and Hybrid International, LLC and Johnathan Schultz's (collectively "Hybrid") Oppositions to Scotia's Motions. ECF Nos. 38 and 39. No reply briefs were filed. The facts underlying this overall dispute were recited by the Court in its July 27, 2020 Order (ECF No. 40) and, therefore, are not repeated here. Facts specific to the presently pending Motions are below.

**I.     Relevant Facts**.

Hybrid issued a subpoena for documents from Gavin Lentz, an attorney representing a plaintiff in an action pending in the U.S. District Court for the Eastern District of Pennsylvania titled *Joseph Greco v. Subgallagher Investment Trust; Scotia International of Nevada, Inc.*, Case No. 2:19-

1

cv-02922 (the "Greco Case"). The materials sought through the subpoena served on Mr. Lentz include testimony of an individual named Max Warren Barber and production of documents related to Scotia and Mr. Barber's financial status for the period January 1, 2018 to the present. Before the present Motions were filed, Scotia and Hybrid engaged in numerous communications regarding the propriety of the subpoena, including emails and teleconferences in which resolution was sought, but not found.

Scotia contends the subpoena (i) is premature, (ii) information is irrelevant to the case before this Court, (iii) seeks protected and confidential information, (iv) was propounded for an improper purpose, and (v) is not calculated to lead to the discovery of admissible evidence. Scotia also seeks sanctions to compensate it for the time and expenses incurred in objecting to the subpoena and filing the Motion to Quash.

Hybrid opposes the Motions arguing that Scotia has no standing to seek to quash the subpoena served. Hybrid also contends the materials sought are relevant, and the subpoena is not premature or for an improper purpose. Hybrid further points out that the third party upon whom the subpoena was served has not objected to the subpoena and the court in which the Greco Case is pending will determine whether a protective order issued in that case prevents the disclosures Hybrid seeks.

**II.     Discussion**.

"It is well established that the scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1). *Painters Joint Comm. v. Emp. Painters Trust Health & Welfare Fund*, Case No. 2:10-cv-01385-JCM-PAL, 2011 WL 4573349, at *5 (D. Nev. Sept. 29, 2011). The party moving to quash a subpoena bears the burden of showing why a discovery request should be denied. *Id*. (internal citation omitted). "As a general rule, a party has no standing to seek to quash a subpoena issued to a non-party to the action. … Nonetheless, some courts have found that a party has standing to move to quash subpoenas where the party has some personal right or privilege in the documents sought." *Wells Fargo Bank, N.A. v. Iny*, Case No. 2:13-cv-01561-MMD-NJK, 2014 WL 1796216, at *1 (D. Nev. May 6, 2014) (internal citation and quote marks omitted). Objections based on relevance and undue burden on third parties do not

2

constitute the objecting party's personal right or privilege "especially where the non-party … has not objected." *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp.*, Case No. 2:04-cv-01199-DAE-GWF, 2007 WL 119148, at *4 (D. Nev. Jan. 9, 2007) (internal citations omitted).[1]

In this case, to the extent Scotia objects based on relevance or burden, those objections are not well taken and have no bearing on whether to quash the subpoena issued. Moreover, to the extent the documents sought are marked as proprietary or confidential pursuant to a protective order entered in the Greco Case, Scotia should, if it so chooses, seek to quash the subpoena as a violation of the protective order before the court in which the order was entered. It is the U.S. District Court for the Eastern District of Pennsylvania that is best suited to determine whether the Greco Case protective order prevents the production requested by Hybrid's subpoena.

Importantly, plaintiff's counsel—the third party subpoenaed in the Greco Case—has not objected to the subpoena and there is nothing before this Court to suggest there is necessarily a basis to do so. That is, while Scotia raises the issue of confidentiality, Scotia says only that the documents sought are marked as confidential in the Greco Case. Scotia says nothing whatsoever about any of these documents implicating its personal rights or privileges. ECF No. 35 at 10. In the absence of such assertions, or anything from which such argument can be gleaned, there is no basis upon which this Court may properly grant Scotia's Motion to Quash.

**III.   Order**.

Accordingly,

IT IS HEREBY ORDERED that Scotia International of Nevada, Inc.'s Motion to Quash Subpoena, Objection to Issuance of Subpoena for Documents, and Motion for Sanctions (ECF Nos. 35 and 37) are DENIED.

Dated this 1st day of September, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[1] The subpoena was issued after the parties conducted its Fed. R. Civ. P. 26(f) conference and the Stipulated Discovery Plan and Scheduling Order was entered by the Court. ECF No. 29.

3