UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HYBRID INTERNATIONAL, LLC, a Texas limited liability company; JOHNATHAN SCHULTZ, an individual, <br><br>Plaintiff, <br><br>v. <br><br>SCOTIA INTERNATIONAL OF NEVADA, INC., a Utah corporation; WARREN BARBER, an individual; MAX BARBER, an individual; DOES I through X; and ROE business entities I through X, inclusive, <br><br>Defendants. <br><br>SCOTIA INTERNATIONAL OF NEVADA, INC., a Utah corporation, <br><br>Counterclaimant, <br><br>v. <br><br>HYBRID INTERNATIONAL, LLC, a Texas limited liability company, <br><br>Counterdefendant. | Case No. 2:19-cv-02077-JCM-EJY <br><br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion for Clarification or Reconsideration of Order. ECF No. 68.

**I.     Background**

Plaintiffs' Motion arises from the Court's Order granting in part and denying in part Plaintiffs' previously filed Motion to Stay Discovery. Defendants are currently unrepresented and Plaintiffs' prior motion sought a stay until such time as Defendants retained counsel. The Court found that what Plaintiffs sought was an indefinite stay of discovery, which is highly unusual and disfavored by federal courts. *See Mendez v. Optio Solutions, LLC*, 239 F.Supp.3d 1229, 1235 (S.D. Cal. 2017) (internal citation omitted). However, because of the time of year and complications caused by COVID-19, the Court granted a stay of discovery that ends on January 29, 2021. The

1

Court further ordered that responses to any outstanding discovery pending before Defendants shall be due to Plaintiffs on or before February 16, 2021.

> Plaintiffs now state that the Court misunderstood their prior Motion to Stay Discovery.
>
> With all due respect to the Court, Plaintiffs believe that the intent of their motion may have been misunderstood because it was not intended to benefit the Defendants. Plaintiffs' motion sought only to avoid the need for Plaintiffs to expend additional funds unnecessarily in this litigation (for example, by paying for expert witness reports that may prove unnecessary should the Defendants fail to retain counsel and default).

ECF No. 68 at 2. Plaintiffs further state that Defendants "do not deserve an additional six weeks of time to respond to Plaintiffs' discovery requests that were served nearly two months ago." *Id*. What is perplexing to the Court is that an indefinite stay of discovery—that is, a stay until some unknown time when Defendants retain counsel—would give Defendants an indefinite period of time within which to respond to the discovery served, as Plaintiffs state, "nearly two months ago." Plaintiffs now contend that their Motion "sought only to extend discovery or trial related deadlines that might force them to needlessly expend their resources (on expert witness reports for example) given the likelihood that the Defendants may default or at least not appear until the end of December, 2020" *Id*. at 4. However, this argument appears nowhere in their original motion. And, nothing in the Court's prior order requires Plaintiffs to retain experts or expend resources. To the contrary, the Court's Order prevented the need for either to occur.

Plaintiffs also state they were "very surprised when the Court prohibited the parties from pursuing any discovery through January 29, 2021." This statement is remarkable given Plaintiffs' Motion asked for a *stay* of discovery for an unknown period of time. "As <u>only one party is currently represented</u>, Hybrid and Schultz <u>request a stay of discovery</u> and trial deadlines is warranted and should entered by the Court." ECF No. 66 at 4 (emphasis added). Thus, the Court does not think it misunderstood what was stated in Plaintiffs' Motion to Stay Discovery. The Court, nonetheless, did not grant the indefinite stay Plaintiffs sought.

**II.   Discussion**

Although not mentioned by Plaintiffs, motions for reconsideration may be brought under both Rules 59(e) and 60(b). Rule 60(b) is not applicable here. "Under Rule 59(e), a motion for

2

reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). LR 59-1 states: "The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction.  Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  This authority, however, "is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case." *Mkhitaryan v. U.S. Bank, N.A.*, Case No. 2:11-cv-01055-JCM-CWH, 2013 WL 211091, at *1 (D. Nev. Jan. 18, 2013) *citing Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001). "Newly discovered evidence" under Rule 59 requires the party to show the evidence: "(1) is truly-newly-discovered; (2) could not have been discovered through due diligence; and (3) is of such a material and controlling nature that it demands a probable change in the outcome." *Sciara v. Campbell*, Case No. 2:18-cv-1700-DJA, 2020 WL 248653, at *2 (D. Nev. Jan. 15, 2020) *quoting United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1130 n. 45 (E.D. Cal. 2001).

Plaintiffs do not cite the rules or standard for reconsideration and presented no argument in supports of this portion of their current Motion.  Moreover, the Court finds no basis for reconsideration.   However, the Court will clarify its prior Order in an effort to ensure there is no confusion.

### III.    Order

IT IS HEREBY ORDERED that Plaintiffs' Motion for Clarification or Reconsideration of Order (ECF No. 68) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Reconsideration is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Clarification is GRANTED.

IT IS FURTHER ORDERED that discovery is stayed through January 29, 2021.

IT IS FURTHER ORDERED that Defendants' responses to presently pending discovery propounded by Plaintiffs on Defendants is due on February 16, 2021. No extension of time to this due date will be granted as Defendants have had more than a substantial opportunity to retain counsel and respond to discovery.

IT IS FURTHER ORDERED that if Defendants fail to respond to pending discovery, irrespective of whether they retain counsel on or before the due date stated above, Plaintiffs may move to compel and for sanctions.

IT IS FURTHER ORDERED that the discovery period shall recommence on January 30, 2021. Plaintiffs may then, as they choose, propound additional written discovery and set depositions, including the depositions of Defendants, irrespective of whether Defendants have retained counsel.

IT IS FURTHER ORDERED that if Defendants fail to respond to additional written discovery or fail to appear at deposition, more severe sanctions may issue up to and including the entry of an adverse inference or striking of Defendants' answer and counterclaims.

Dated this 28th day of December, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE