1          UNITED STATES DISTRICT COURT

2          DISTRICT OF NEVADA

3          * * *

4   HYBRID INTERNATIONAL, LLC, a              Case No. 2:19-cv-02077-JCM-EJY
    Texas limited liability company;
5   JOHNATHAN SCHULTZ, an individual,

6          Plaintiff,                          **ORDER**

7          v.

8   SCOTIA INTERNATIONAL OF NEVADA,
    INC., a Utah corporation; WARREN
9   BARBER, an individual; MAX BARBER, an
    individual; DOES I through X; and ROE
10  business entities I through X, inclusive,

11         Defendants.

12  SCOTIA INTERNATIONAL OF
    NEVADA, INC., a Utah corporation,
13
           Counterclaimant,
14
           v.
15
    HYBRID INTERNATIONAL, LLC, a
16  Texas limited liability company,

17         Counterdefendant.

18

19         Pending before the Court is Hybrid International, LLC's and Jonathan Schultz's Motion for

20  Order To Show Cause Why Sanctions Should Not Be Issued.  ECF No. 70.    No response to this

21  Motion was filed.

22  **I.      Background**

23         On November 9, 2020, counsel for Defendants Scotia International of Nevada, Inc., Warren

24  Barber, and Max Barber moved the Court to withdraw from continued representation of these parties.

25  ECF No. 63.  The Court granted the motion, but also ordered that "the due date for Defendants'

26  responses to Plaintiff's written discovery … [was] stayed for thirty (30) days" from the then-required

27  due date.  ECF No. 65. The Court further ordered that neither party was allowed to propound written

28  discovery or set depositions during the period measured from the date of the Order through December

1

1    30, 2020. The approximate six week period of stayed discovery was provided to allow Defendants to

2    locate and retain new counsel. *Id*.

3         On December 18, 2020, Plaintiffs filed a motion to "stay discovery and trial deadlines pending

4    a notice of appearance of new counsel for Scotia and the Barber Defendants." ECF No. 66 at 2. The

5    Court granted a discovery stay through January 29, 2021, and Defendants were ordered to respond to

6    outstanding discovery propounded by Plaintiffs by or before February 16, 2021. ECF No. 69 at 4. The

7    Court further ordered that "if Defendants fail to respond to pending discovery, irrespective of whether

8    they retain counsel on or before the due date stated …, Plaintiffs may move to compel and for sanctions."

9    Defendants did not respond to discovery, they have not contacted the Court since November 2020, and

10   there has been no notice of appearance by new counsel for Defendants.

11        Plaintiff served its First Request for Admissions ("RFAs"), First Set of Interrogatories

12   ("Interrogatories"), and First Request for Production of Documents and Things ("RFPs") on October 27,

13   2020. Plaintiff now asks the Court to deem all RFAs admitted and otherwise issue an Order to Show

14   Cause why sanctions should not be levied.

15   **II.    Discussion**

16        Federal Rule of Civil Procedure 37(b)(2) states, in pertinent part, that:

17       [i]f a party … fails to obey an order to provide … discovery, … the court … may
         issue further just orders. They may include the following: (i) directing that the
18       matters embraced in the order or other designated facts be taken as established for
         purposes of the action, as the prevailing party claims; (ii) prohibiting the
19       disobedient party from supporting or opposing designated claims or defenses, or
         from introducing designated matters in evidence; (iii) striking pleadings in whole
20       or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing
         the action or proceeding in whole or in part; (vi) rendering a default judgment
21       against the disobedient party; or (vii) treating as contempt of court the failure to
         obey any order except an order to submit to a physical or mental examination.
22

23   Federal Rule of Civil Procedure 36(a)(3), pertaining to requests for admissions, makes clear that "[a]

24   matter is admitted unless, within 30 days after being served, the party to whom the request is directed

25   served on the requesting party a written answer or objection addressed to the matter and signed by

26   the party or its attorney."

27        Here, there is no doubt that Defendants failed to respond to Plaintiffs RFAs within the

28   extensive period of time granted by the Court within which to do so. *See* ECF No. 69. Hence, the

2

1    Court deems Defendants to have admitted each of the RFAs propounded by Plaintiff.  There is also

2    no doubt that Defendants failed to obey the Court December 28, 2020 Order granting them a

3    substantial extension of time to obtain counsel and, more importantly, respond to Plaintiffs' RFPs

4    and Interrogatories first propounded in October 2020.  ECF No. 69.  As a result of these failures,

5    Plaintiffs seek an Order to Show Cause Why Sanctions should not issue.  The Court agrees that this

6    is the appropriate next step as Defendants have failed to comply with the Court's Order.

7    **III.    Order**

8         Accordingly, IT IS HEREBY ORDERED that is Hybrid International, LLC's and Jonathan

9    Schultz's Motion for Order to Show Cause Why Sanctions Should Not be Issued (ECF No. 70) is

10   GRANTED.

11        IT IS FURTHER ORDERED that Defendants are deemed to have admitted each of the

12   Request for Admissions propounded by Plaintiffs on October 27, 2020.

13        IT IS FURTHER ORDERED that Defendants **shall** show cause why they should not be held

14   in contempt of Court no later **no later than May 20, 2021**.

15        IT IS FURTHER ORDERED that Defendants are warned that failure to timely respond to

16   this Order to Show Cause **shall** result in a finding of contempt of court and additional sanctions up

17   to and including the striking of their answer and counterclaims or a finding of default.

18        IT IS FURTHER ORDERED that Counsel for Plaintiff **shall** attempt service of this Order

19   on Defendants by placing a copy of this Order in U.S. First Class Mail within **three (3) Court days**

20   **of the date of this Order** to each of the Defendants at Defendants' respective last known addresses.

21   If Plaintiff has an email address for any of the Defendants, Plaintiffs shall also email a copy of this

22   Order to the last known email address for each such Defendant.

23        Dated this 22nd day of April, 2021.

24

25

26   _____
     ELAYNA J. YOUCHAH
27   UNITED STATES MAGISTRATE JUDGE

28