UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| HYBRID INTERNATIONAL, LLC, a Texas limited liability company; JOHNATHAN SCHULTZ, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>SCOTIA INTERNATIONAL OF NEVADA, INC., a Utah corporation; WARREN BARBER, an individual; MAX BARBER, an individual; DOES I THROUGH X; and ROE business entities I through X, inclusive,<br><br>    Defendants.<br><br>SCOTIA INTERNATIONAL OF NEVADA, INC., a Utah corporation,<br><br>    Counterclaimant,<br><br>v.<br><br>HYBRID INTERNATIONAL, LLC, a Texas limited liability company,<br><br>    Counterdefendant. | 2:19-cv-02077-JCM-EJY<br><br>**ORDER** |

Before the Court is Hybrid International LLC and Johnathan Schultz's Verified Memorandum of Attorneys' Fees and Costs. ECF No. 84. No response to this Memorandum was filed.

**I. Discussion**

The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination ... regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)). Here, the Court ordered an award of attorney's fees (and costs) incurred by Hybrid International following denial of Defendant's Motion to Withdraw Admissions and Showing Cause. ECF No. 83.

1

When reviewing hours claimed by the party to whom fees have been awarded, the Court may exclude hours arising from overstaffing, duplication, excessiveness or that are otherwise unnecessary. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Cruz v. Alhambra School Dist.*, 601 F.Supp.2d 1183, 1191 (C.D. Cal. 2009). When determining the reasonable hourly rate to be applied to an award of attorney's fees, the Court must consider the "prevailing market rates in the relevant community" and compare the rates of "lawyers of reasonably comparable skill, experience and reputation" to the rates requested in the case before the Court. *Soule v. P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at *1 (D. Nev. July 26, 2019) (internal citation omitted). This is a two step process. The first step requires the Court to "calculate the lodestar amount by" multiplying "the number of hours reasonably expended on the" motion at issue "by a reasonable hourly rate." *Id*. (citations omitted).[1] The second step requires the Court to consider adjusting the lodestar amount upward or downward, something done "only on rare and exceptional occasions, … using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Id*. citing *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal brackets removed).[2]

Here, the rates charged by counsel for Hybrid International are reasonable. *Doud v. Yellow Cab of Reno, Inc.*, Case No. 3:13-cv-00664-WGC, 2015 WL 5286996, at *4-5 (D. Nev. Sept. 10, 2015); *Incorp Services, Inc. v. Nevada Corporate Services, Inc.*, Case No. 2:09-cv-1300-GMN-GWF, 2011 WL 3855462, at *1 (D. Nev. Aug. 29, 2011) (holding "[a]n hourly fee ranging between $250–$350 an hour is reasonable for experienced associates in the Las Vegas legal market"); *Chemeon Surface Technology, LLC v. Metalast International, Inc.*, Case No. 3:15-cv-00294-MMD-VPC, 2017 WL 2434296, at *1 (D. Nev. June 5, 2017) (collecting reasonable rate information for

---

[1] Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

[2] There are eleven factors that a court generally considers when assessing the reasonableness of an attorney fee award: "(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases." *Van Gerwen*, 214 F.3d at 1045 n. 2 (citing *Hensley*, 461 U.S. at 430 n. 3).

Nevada). With respect to Taylor Fong, the paralegal, the rate is in line with rates generally charged for similar work in this district. *Chemeon Surface Technology*, 2017 WL 2434296, at *1.

Based on the information before the Court, and case law from this district, the Court finds all rates charged are reasonable.

The Court also finds the amount of time spent on the Opposition is reasonable. "District courts possess the necessary discretion to adjust the amounts awarded to address excessive and unnecessary effort expended in a manner not justified by the case." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). This includes "time spent reviewing work of other attorneys as duplicative" (*Melancon v. Harrah's Entertainment, Inc.*, Case No. 2:08-cv-00212-RCJ-RJJ, 2010 WL 11639687, at *4 (D. Nev. Feb. 26, 2010)), as well as entries on time reports that fails "to delineate what work was performed in each entry" and thus appear duplicative. *American General Life Ins. Co. v. Futrell*, Case No. 2:11-cv-00977-PMP-CWH, 2012 WL 4962997, at*4 (D. Nev. Oct. 16, 2012). Ultimately, it is always Plaintiffs' burden to establish that the fees they seek are reasonable. *Soule*, 2019 WL 3416667, at *1 (citation omitted).

Bearing these standards in mind, the Court finds the amount of time spent on the Opposition is reasonable. Mr. Marquis spent a total of 4.9 hours in analysis of the Motion to Withdraw Admissions, research, reviewing, and revising the substantial opposition. Mr. Maupin, the associate, spent 20.5 hours researching and preparing the opposition. Taylor Fong's time was limited to .3 hours to prepare exhibits in support of the opposition.

Finally, counsel for Hybrid International seeks $45.75 for costs associated with the opposition to the Motion to Withdraw Admissions. Of this amount $28.00 is for copying and $17.75 is for scanning at $.25 per page. The Court finds the $28.00 for copying costs is reasonable; however, the cost for scanning is not supported.

**II.     Order**

Accordingly,

IT IS HEREBY ORDERED that Hybrid International LLC and Johnathan Schultz's Verified Memorandum of Attorneys' Fees and Costs (ECF No. 84) is GRANTED in part and DENIED in part.

3

IT IS FURTHER ORDERED that Scotia International of Nevada, Inc. is to make payment to Hybrid International LLC and Johnathan Schultz in the following amounts within 30 days of the date of this Order unless an objection is filed:

    $7,137.50 in attorney's fees; and,

    $28.00 in costs.

DATED this 25th day of October, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE