UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HYBRID INTERNATIONAL, LLC, | Case No. 2:19-CV-2077 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| SCOTIA INTERNATIONAL OF NEVADA, INC., | |
| Defendant(s). | |

Presently before the court is plaintiffs/counter-defendants Hybrid International, LLC, and Johnathan Schultz's ("plaintiffs") motion for entry of clerk's default. (ECF No. 99). Defendants/counter-plaintiffs Scotia International of Nevada, Inc. ("Scotia"); Warren Barber; and Max Barber (the "Barbers") (collectively "defendants") have not responded, and the time to do so has passed.

I.  **INTRODUCTION**

This action was initiated in November 2019 in state court and removed to federal court in December 2019. (ECF Nos. 1, 1-1). The operative first amended complaint was filed August 21, 2020, with claims for (1) breach of contract against Scotia; (2) breach of implied covenant of good faith and fair dealing against Scotia; (3) intentional misrepresentation against all defendants; (4) negligent misrepresentation against all defendants; (5) unjust enrichment against all defendants; and (6) alter ego. (ECF No. 46). On plaintiffs' motion for summary judgment, this court granted judgment in favor of plaintiffs on claims 1–3 and dismissed claim 4. (ECF No. 100). Claims 5 and 6 remain. (*Id.*)

**James C. Mahan**
**U.S. District Judge**

In the instant motion, filed prior to the adjudication of their motion for summary judgment, plaintiffs seek entry of clerk's default as well as default judgment against defendants. (ECF No. 99).

## II. LEGAL STANDARD

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."  Fed. R. Civ. P. 55(b)(2).

The choice whether to enter a default judgment lies within the discretion of the trial court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980).  In the determination of whether to grant a default judgment, the trial court should consider the seven factors articulated in *Eitel*.  782 F.2d at 1471–72.  These factors are: (1) the possibility of prejudice to plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Id.*  In applying the *Eitel* factors, "factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d).

## III. DISCUSSION

### a. Clerk's Default

Plaintiffs contend defendants have failed to defend this case for over a year.  (ECF No. 99).  While the court agrees defendants have not filed anything substantive or otherwise participated in this matter since replying to plaintiffs' response to defendants' motion to withdraw admissions in June 2021, the plain language of Rule 55(a) does not require the clerk to enter default. *See* Fed. R. Civ. P. 55(a); (ECF Nos. 77–80).  Defendants have appeared, pleaded,

**James C. Mahan**
**U.S. District Judge**

- 2 -

and defended in this matter and thus have not "failed to plead or otherwise defend." *See* Fed. R. Civ. P. 55(a); (ECF Nos. 1, 7, 12, 13, 14, 35, 45, 62, 77, 80).

### b. Default Judgment

Plaintiffs posit default judgment is appropriate under the *Eitel* factors. (ECF No. 99). However, without satisfying the first step of the necessary two-step process, it is inappropriate to enter default judgment pursuant to Rule 55. *See Eitel*, 782 F.2d at 1471.

Plaintiffs also submit that default judgment is especially appropriate as to Scotia because it is an entity defendant currently proceeding *pro se*. (ECF No. 99). True, "[a] corporation may appear in federal court only through licensed counsel." *U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1244 (9th Cir. 1993) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201 (1993)). *High Country Broadcasting Co.*, however, is not analogous to this matter as plaintiffs contend. There, an entity defendant was ordered to retain counsel and failed to comply with the order. *Id.* The default judgment was issued as a sanction. *Id.* Here, no such order has been issued and such a sanction is unwarranted at this time.

### c. Notice of Summary Judgment

Rule 56 provides a court may "consider summary judgment on its own after identifying for the parties material facts that may not genuinely be in dispute." Fed. R. Civ. P. 56(f)(3). This matter has only two remaining claims: unjust enrichment and alter ego. The court is inclined to grant summary judgment in favor of defendants on these claims based on the following material facts:

1. *Unjust Enrichment*
   a. An express, valid, and enforceable contract existed between Hybrid and Scotia.
   b. The Barbers did not retain individual benefit from any deal with plaintiffs.
2. *Alter Ego*
   a. The Barbers did not commingle funds with Scotia.
   b. The Barbers did not assume liability for the debts of Scotia.
   c. Scotia was not a "shell" corporation.

James C. Mahan
U.S. District Judge

- 3 -

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion for entry of clerk's default against defendants (ECF No. 99) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Scotia retain counsel within 7 days of the issuance of this order.

IT IS FURTHER ORDERED that the parties have 14 days to respond to this court's notice of summary judgment.

DATED November 21, 2022.

_____
UNITED STATES DISTRICT JUDGE