UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HYBRID INTERNATIONAL, LLC, | Case No. 2:19-CV-2077 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| SCOTIA INTERNATIONAL OF NEVADA, INC., | |
| Defendant(s). | |

Presently before the court is Hybrid International, LLC, and Johnathan Schultz (collectively, "plaintiffs")'s motion for entry of monetary judgment. (ECF No. 103). Defendants Scotia International of Nevada ("Scotia"), Warren Barber, and Max Barber (collectively, "defendants") have not responded, and the time to do so has passed.

On September 21, 2022, this court granted plaintiffs' motion to strike defendants' counterclaims (ECF No. 98) and granted in part plaintiffs' motion for summary judgment (ECF No. 85). (ECF No. 100). The court granted judgment in favor of plaintiffs for breach of contract, breach of the duty of good faith and fair dealing, and intentional misrepresentation. (*Id.*). Judgment was denied as to plaintiffs' claim for unjust enrichment. (*Id.*). Upon plaintiffs' request, their claim for negligent misrepresentation was dismissed. (*Id.*). Plaintiffs' claim of alter ego was not addressed in its motion nor, consequently, this court's order. (ECF Nos. 85, 100).

Plaintiffs now move this court for entry of monetary judgment for the claims for which defendants have been found liable. (ECF No. 103). They seek (1) $500,000 in compensatory damages, (2) $500,000 in punitive damages, (3) prejudgment interest of $76,859.59, and (4) to hold each of the defendants jointly and severally liable. (*Id.*). In total, plaintiffs seek to hold Scotia, Warren Barber, and Max Barber jointly and severally liable for $1,076,859.59.

**James C. Mahan**
**U.S. District Judge**

Pursuant to District of Nevada Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2(d). Though defendants have implicitly consented to the granting of the instant motion, this court nevertheless provides legal basis for each award of damages.

Compensatory damages in the amount of $500,000 are appropriate for plaintiffs' breach of contract claim. Plaintiffs gave Scotia $500,000 pursuant to a valid, enforceable contract, Scotia did not perform, and plaintiffs received no benefit therefrom. Indeed, this court found that "plaintiffs suffered damages when Scotia refused to return the $500,000." (ECF No. 100). However, plaintiffs brought their breach of contract claim against only Scotia, notably not Warren Barber or Max Barber. (ECF No. 46). The court accordingly granted summary judgment against only Scotia for plaintiffs' breach of contract claim. (ECF No. 100).

Punitive damages for defendants' intentional misrepresentation in the amount of $500,000 are appropriate. Nevada Revised Statute ("NRS") 42.005[1] permits an award of up to three times any awarded compensatory damages. NRS 42.005 excludes punitive damages in actions arising from contract claims, but fraud-like claims, such as intentional misrepresentation, sound in tort rather than contract. *See Road & Highway Builders v. N. Nev. Rebar*, 284 P.3d 377, 383 (Nev. 2012); *Minturn Tr. v. Morawska*, 2019 WL 2714827, at *5 (Ct. App. Nev. June 20, 2019). Thus, punitive damages are awarded against all defendants for intentional misrepresentation.

Pursuant to NRS 99.040, plaintiffs are entitled to prejudgment interest "at a rate equal to the prime rate of the largest bank in Nevada, as ascertained by the Commissioner of Financial Institutions…immediately preceding the date of the transaction, plus 2 percent" from the filing of the complaint to entry of judgment. Plaintiffs originally filed this action in state court on November 25, 2019. (ECF No. 1-1). Therefore, prejudgment interest shall be calculated starting from November 25, 2019, to the date of entry of the order on summary judgment plus 150 days pursuant to Rule 58(c)(2)(B)—up to and including February 8, 2023—in an amount determined by the procedure set forth in NRS 99.040. *See* Fed. R. Civ. P. 58.

. . .

---

[1] Plaintiffs, presumably mistakenly, cite to NRS 42.010, which is inapplicable here. Appropriately titled "Exemplary and punitive damages: Injury caused by operation of vehicle after consumption of alcohol or controlled substance," NRS 42.010 applies to punitive damages where a defendant operates a vehicle under the influence and causes injury.

Accordingly,

IT IS HEREBY ORDERED, ADJUGED, and DECREED that plaintiffs' motion for entry of monetary judgment (ECF No. 103) is GRANTED in part consistent with the foregoing.

IT IS FURTHER ORDERED that judgment in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) are awarded against Scotia.

IT IS FURTHER ORDERED that punitive damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) are awarded against all defendants, who are jointly and severally liable.

IT IS FURTHER ORDERED that prejudgment interest, in an amount determined by the calculation set forth above and in NRS 99.040 is awarded against Scotia.

DATED March 20, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -