1
2
3
4                          UNITED STATES DISTRICT COURT
5                               DISTRICT OF NEVADA
6                                     * * *
7   HYBRID INTERNATIONAL, LLC,              Case No. 2:19-CV-2077 JCM (EJY)
8                        Plaintiff(s),                ORDER
9           v.
10  SCOTIA INTERNATIONAL OF NEVADA,
    INC.,
11
12                      Defendant(s).
13
14          Presently before the court is defendants Warren Barber and Max Barber's (collectively
15  "defendants") motion to vacate or set aside judgment.  (ECF No. 114).  Plaintiffs Johnathan
16  Schultz and Hybrid International, LLC ("Hybrid") filed a response (ECF No. 115).
17          Also before the court is the defendants' motion to extend time to file a reply brief in
18  support of their motion to vacate or set aside judgment.  (ECF No. 116).  Plaintiffs filed a
19  response (ECF No. 118), to which defendants replied (ECF No. 119).
20
21          The court has sufficient information to decide the instant motions based on the filings and
22  thus denies any request for oral argument.  *See* LR 78-1.
23  **I.      Background**
24          A.      Procedural History
25          The instant case arose from a failed joint venture between Hybrid and Scotia
26  International of Nevada, Inc. ("Scotia"), to create a carbon fines processing business.  Most of
27  the preliminary facts have been discussed in previous orders.  Seeing that the parties are
28

**James C. Mahan**
**U.S. District Judge**

intimately familiar with the facts of the case, the court will highlight only those that are relevant to the present motion.

In 2023, this court granted summary judgment in favor of plaintiffs as to their claims of breach of contract, breach of good faith and fair dealing, and intentional misrepresentation. (ECF No. 107).  In accordance with this decision, the court awarded judgment against Scotia in the amount of $500,000, and punitive damages against all defendants in the amount of $500,000. (ECF No. 108).

        B.     Facts

                *1.Dorothy Barber*

Defendants Warren Barber and Max Barber operated Scotia International with Dorothy Barber, wife to Warren and mother to Max.  In mid-2023, after the resolution of this case, Dorothy Barber was diagnosed with early on-set dementia.  (ECF No. 108, Ex. 1 ¶¶ 10, 16).  She passed away on January 15, 2024.  (*Id.* ¶ 12).  She had served as Scotia's chief financial officer during the parties' business relationship; defendants left all financial information and approvals to her, without any oversight or review.  (ECF No. 114 at 3–4).  Defendants claim that the symptoms and impact of this disease reach as far back as 2018, impacting her ability to manage Scotia's finances during the critical period of the parties' business transactions.  (*Id.* at 11).

                *2. Johnathan Schultz and Hybrid*

Defendants claim that they were approached by the U.S. Department of Homeland Security in 2024 for assistance on an investigation into plaintiff Johnathan Schultz's activities. (*Id.*, Ex. 1 ¶ 20).  Defendants allege that Schultz and Hybrid have engaged in a scheme to smuggle gold from South Africa to the United States.  Johnathan Schultz is the founder of Hybrid, as well as several other precious gem and metal refineries.  (*Id.*, Ex. 13).

**James C. Mahan**
**U.S. District Judge**

1    One of these businesses is a South African-based company called Hybrid Diamonds and

2    Gold (Pty) Ltd ("Hybrid S.A."). On November 5, 2021, the South African government issued a

3    warrant listing Hybrid S.A. as violating the country's Precious Metals Act, Prevention of

4    Organized Crime Act, and 2nd Hand Goods Act. (*Id.*, Ex. 9 at 60, 62).

5    Schultz was mentioned as a related party due to his management position at Hybrid S.A.

6    (*See id.*). However, the National Prosecuting Authority of South Africa's (NPA) attempt to

7    extradite him for these proceedings failed because the high court of South Africa determined that

8    the NPA lacked the authority to extradite him. (*See id.*, Ex. 12).

9    The status of the case is unclear. Plaintiffs claim that the charges against Hybrid S.A.

10    were dropped in November 2022, and defendants imply that it is still pending. (ECF No. 114 at

11    14–15, 22; ECF No. 115 at 7).

12    On June 27, 2025, the defendants filed the present motion to set aside the court's order

13    and judgment, on the grounds of (1) extraordinary circumstances and (2) newly discovered

14    evidence. (ECF No. 114 at 21–23).

## II.    Legal Standard

15    Rule 60(b) "provides for reconsideration [of a judgment] only upon a showing of (1)

16    mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void

17    judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which

18    would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing

19    *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985)).

20    Rule 60(b)(6)'s catch-all provision "applies only when the reason for granting relief is

21    not covered by the other five bases for granting relief set forth in Rule 60." *Delay v. Gordon*,

22    475 F.3d 1039, 1044 (9th Cir. 2007) (citing *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 n.8

**James C. Mahan**
**U.S. District Judge**

- 3 -

1   (9th Cir. 2002)).   Accordingly, a movant seeking relief under Rule 60(b)(6) must show that

2   "extraordinary circumstances prevented [the movant] from seeking earlier, more timely relief."

3   *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993); *Valdez v.*

4   *United Airlines Holdings, Inc.*, No. 23-2825, 2025 U.S. App. LEXIS 12905, *5 (9th Cir. May 28,

5   2025).

6

7        Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest

8   injustice.  *Alpine Land & Reservoir Co.*, 984 F.2d 1047.  "[T]he decision to grant Rule 60(b)(6)

9   relief is a case-by-base inquiry that requires the trial court to intensively balance numerous

10  factors, including the competing policies of the finality of judgments and the incessant command

11  of the court's conscience that justice be done in light of all the facts."  *Phelps v. Alameida*, 569

12  F.3d 1120, 1133 (9th Cir. 2009) (quoting *Stokes v. Williams*, 475 F.3d 732, 736 (6th Cir. 2007).

13

14  **III.    Discussion**

15       As a preliminary matter, and with good cause appearing, the court considers the

16  defendants' reply as timely filed *nunc pro tunc*.  *See* Fed. R. Civ. P. 6(b)(1)(B).

17       The court now analyzes the defendants' motion to vacate or set aside judgment.  (ECF

18  No. 114).

19

20       A.    "Newly Discovered Evidence"

21       Defendants argue that there is "newly discovered evidence" that Dorothy Barber, Scotia's

22  chief financial officer, could not comprehend the nature of the 2019 transactions that she

23  approved because she was experiencing symptoms of dementia.  (ECF No. 114 at 11).  Ms.

24  Barber was diagnosed with dementia in 2024, but defendants claim that she would have had

25  symptoms back in 2019.  (*Id.*).

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants later frame Ms. Barber's diagnosis and alleged 2019 symptoms as evidence of "extraordinary circumstances" warranting relief under 60(b)(6).  (*Id.*).    However, Rule 60(b)(6)'s catch-all provision "applies only when the reason for granting relief is not covered by the other five bases for granting relief set forth in Rule 60."  *Delay*, 475 F.3d at 1044. Accordingly, arguments pertaining to "newly discovered evidence" of Ms. Barber's dementia fall under Rule 60(b)(2).

A Rule 60(b)(1), (2), or (3) motion must be filed no more than a year after the entry of the judgment or order.  Fed. R. Civ. P 60(c).  Defendants filed the instant motion on June 27, 2025, more than *two* years after this court's order granting plaintiffs' motion for entry of monetary judgment.  (ECF No. 107).  The court finds that the "newly discovered evidence" arguments as to Ms. Barber's dementia and ability to comprehend the transactions are untimely and will therefore not be considered any further by the court.  (ECF No. 114 at 11–12; ECF No. 119 at 5–6, 10).

B.      "Extraordinary Circumstances"

1.      *Reason for delay*

Defendants argue that they are entitled to relief under Rule 60(b)(6) because the contract was illegal or void as a matter of public policy and also harmed innocent third parties.  (ECF No. 114 at 2).  The court is not persuaded by any of the reasons the defendants provide, as laid out below:

Defendants claim that plaintiffs engaged in a money laundering scheme, but this argument has already been dismissed by the court as a collateral issue to this case.  (ECF No. 114 at 20; ECF No. 40 at 8).

**James C. Mahan**
**U.S. District Judge**

- 5 -

1    Defendants also provide a statement from a third party speculating that Schultz smuggled

2    gold into the United States, based in part on Schultz's failure to provide customs documents

3
     upon request. (ECF No. 114, Ex. 6).  The third party lacks personal knowledge of the veracity of
4
     this claim and within the same letter admits that Schultz told him the gold ore "originated from
5
     his South African gold networks in various networks, including…carbon fines."  (*Id.*).
6

7    Furthermore, defendants claim that the U.S. Department of Homeland Security ("DHS")

8    requested their cooperation in an investigation into Schultz's activities, but the court cannot

9
     verify the relevance of the DHS's contact, if any, with defendants to the instant contract dispute.
10
     (ECF No. 114 at 21).
11

12    Finally, defendants attempt to support their argument with a November 3, 2021, warrant

13   out of South Africa indicting Hybrid S.A. for violations of the country's Precious Metals Act,

14   Prevention of Organized Crime Act, and 2nd Hand Goods Act.  (*Id.*, Ex. 9 at 60, 62).  The

15
     indictment of one of Schultz's South African-based companies, however, is collateral to the
16
     merits of whether the parties formed the Nevada-based joint venture in contravention of the law.
17
     *See Street*, 2018 U.S. Dist. LEXIS 167299, at *12.  Schultz indicates in his emails that he clearly
18
19   intended to import gold and other precious material to the United States, but this does not prove

20   that the contract was a scheme for gold smuggling as defendants claim.  (ECF No. 114 at 4–5;

21
     *see* Ex. 2).  Accordingly, there is no evidence tending to show that enforcing the contract would
22
     contravene the law or violate public policy.
23

24    Setting aside or vacating a previous order under Rule 60(b)(6) is an extraordinary

25   remedy.  *See Alpine Land & Reservoir Co.*, 984 F.2d 1047.  None of defendants' evidence bears

26   on the issue of contract breach or formation between the parties and it is insufficient to warrant

27
     the extraordinary remedy of reopening this case.  (*See* ECF Nos. 114, 119).
28

**James C. Mahan**
**U.S. District Judge**
                                          - 6 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*2.        Interest in finality of the judgment and prejudice to plaintiff*

Moreover, defendants filed the instant motion more than two years after the order granting plaintiff's motion for entry of monetary judgment.  (ECF No. 107).  Reopening the case now, when there is little evidence of extraordinary circumstances, would undermine the court's interest in finality of its judgment and prejudice the plaintiffs. *See Alpine Land & Reservoir Co.*, 984 F.2d at 1050; *Phelps*, 569 F.3d at 1133 (9th Cir. 2009).  Further, plaintiffs have apparently collected over $400,000 of the judgment, and disturbing the judgment now would greatly prejudice the plaintiffs, who have a right to collect such judgment.[1]  (*See* ECF No. 114 at 11).

*3.        Other considerations*

The court is unpersuaded by defendants' argument that plaintiffs are unjustly enriched or "double dipping" with this outcome.  (*See* ECF No. 114 at 23–24).  Defendants argue that because five payments made by Scotia to Hybrid between June 27, 2019, and September 30, 2019, totaling more than $500,000, plaintiffs had already been reimbursed for their half of the joint venture investment.  (*Id.* at 23; Ex. 4).  Further inquiry shows that this is unlikely to be the case.

The face of the wire transfers and cashier's checks indicate that they are payments for "Engineering design re Carbon Processing Equipment"—not a reimbursement of Hybrid's joint venture investment.  (*Id.*, Ex. 4; *see also* ECF No. 115–Ex. A).  Moreover, Schultz requested reimbursement of the $500,000 investment on September 16, 2019—after the date of the fourth transfer from Scotia to Hybrid.  (ECF No. 114–Ex. 4; ECF No. 115–Ex. 1 at 59).

---

[1] Whether plaintiffs are appropriately collecting the judgment appropriately is collateral to whether they are entitled to the judgment at issue; the court accordingly declines to consider the defendants' argument that third parties are being harmed by the plaintiffs' collection efforts.

**James C. Mahan**
**U.S. District Judge**

- 7 -

1

2

3

4

5

6

Finally, whether defendants could have learned of facts presented here during the pendency of the litigation is immaterial, as they fail to establish that the contractual relations between the parties were illegal.  This court finds that the defendants have not met the high bar required to reopen a case under 60(b)(6).  *See, e.g.*, *Alpine Land & Reservoir Co.*, 984 F.2d at 1049.

7

**IV.    Conclusion**

8

Accordingly,

9

10

11

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to extend time (ECF No. 116) be, and the same hereby is, GRANTED.  Defendants' reply is timely filed *nunc pro tunc*.

12

13

14

IT IS FURTHER ORDERED that defendants' motion to vacate or set aside (ECF No. 114) be, and the same hereby is, DENIED.

15

16

DATED December 8, 2025.

17

18

_____
UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**